UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

JAY CUMMINGS,  VON MARTINEZ,
DAPHNE TOUSSAINT,  MITZIE RANCY,
and
JANELL TAVERNIER,

*Plaintiffs*,

v.

GLENTEX, INC d/b/a WOODY'S and
MICHAEL PINTER
*Defendants*.
_____/

## COMPLAINT UNDER 42 USC §1981
## JURY TRIAL DEMANDED

Plaintiffs, JAY CUMMINGS a/k/a MILLARD G. CUMMINGS, JR.,("CUMMINGS"), VON MARTINEZ ("MARTINEZ"), DAPHNE TOUSSAINT ("TOUSSAINT"), MITZIE RANCY ("RANCY") AND JANELL TAVERNIER ("TAVERNIER"), collectively "the Plaintiffs" herein, by counsel, sue Defendants, GLENTEX, INC d/b/a WOODY'S ("WOODY'S")and MICHAEL PIN-TER ("PINTER") collectively "the Defendants" herein, and as grounds states as follows:

### PARTIES

1. CUMMINGS is an individual residing in Monroe County, Florida. CUMMINGS is Caucasian.

2. MARTINEZ, is an individual is African-American by ethnicity and/or race. She resides in Miami-Dade County, Florida.

3. TOUISSANT, is an individual is African- Caribbean by ethnicity and/or race. She resides in Miami-Dade County, Florida.

4. RANCIE, is an individual is African- Caribbean by ethnicity and/or race. She resides in Miami-Dade County, Florida.

5. TAVERNIER, is an individual is African-American by ethnicity and/or race. She resides in Miami-Dade County, Florida.

6. Defendant, GLENTEX, INC d/b/a WOODY'S is a Florida Corporation doing business in Monroe County, Florida.

7. Defendant PINTER is an individual residing in Seminole County, Florida and is an officer of GLENTEX.

## JURISDICTION AND VENUE

8. Jurisdiction is based upon the provisions of Title 28 United States Code, §1331 and §1343 in that the first cause arises under the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981, an Act of Congress providing for the protection of civil rights.

9. Venue is properly within the Southern District of Florida, as all of the event giving rise to this claim occurred within this judicial district.

## GENERAL ALLEGATIONS

10. WOODY'S is an adult entertainment club located in Islamorada Florida.

11. PINTER is the general manager of the club.

12. All of the Plaintiff, except TAVERNIER, were terminated by or at the direction of PINTER.

**Discriminatory Employment Practices**

13. TAVERNIER, while still employed as a dancer has been repeated rejected for open positions as a bartender on the basis of policies set and/or enforced by PINTER.

14. CUMMINGS, the only Caucasian Plaintiff, was a supervisor who was terminated in retaliation for and as a result of his opposition to the employment practices of WOODY'S and PINTER.

15. TOUISSANT was hired by CUMMINGS as a cashier. When PINTER saw her, he told CUMMINGS to fire her because he wanted no blacks at the front of the house.

16. As a result CUMMINGS fired TOUISSANT after one day at work.

17. VON MARTINEZ , a server, was originally hired in the late summer of 2018. She was fired by WOODYS after PINTER placed a call to CUMMINGS telling him to "Fire the black ghetto looking girl with the pink hair."

18. The day before PINTER ordered CUMMINGS to fire Martinez he was tired to fire a young Haitian man working security. PINTER told CUMMINGS "Shawn is too big and too black and he has to go."

**Racially Hostile Environment**

19. During the fall of 2018 certain racist images and symbols began to appear at WOOODY'S.

20. In one instance Dixie cups were removed from the dispenser on the water cooler and marked to appear to be Klan hoods and placed on every bottle in the bar.

21. On another occasion a noose was place around the neck of a stuffed bear and a sign affixed to the bear which read "NIGGER NECKTIE". The bear was found inside the dancers' changing room.

22. The night bartended routinely and loudly referred to African Americans as "niggers."

23. Despite the open and obvious displays of racism, WOODYS never sought to investigate or take any actions to prevent such racist conduct.

### Failure to Promote

24. Because of the edicts of PINTER no employees of color were allowed to be promoted or to change jobs.

25. On account of her race, RANCIE was denied the opportunity to even apply for a position as a bartender despite a critical need for people in that position.

26. Likewise TAVERNIER was denied the opportunity to work as a bartender because of her race.

### Retaliation

27. CUMMINGS was terminated because of his opposition to the racist employment policies and practices of WOODY'S and PINTER.

28. Specifically in spite of being ordered to discriminate against African Americans or other dark skinned individuals, CUMMINGS continued to hire and promote the best qualified for positions in the club,

29. PINTER and WOODYS, prior to firing CUMMINGS, accused him of wanted to turn the facility into "Club Bwana".

COUNT I

Discrimination and Harassment

30. Plaintiffs MARTINEZ, TOUSSAINT, RANCY and TAVERNIER reallege ¶¶ 1-26

31. Defendants violated 42 United States Code §1981 by discriminating against MARTINEZ, TOUSSAINT, RANCY and TAVERNIER in their terms and conditions of employment and, with the exception of TAVERNIER in terminating their employment on account of race.

32. As a direct and proximate result of the Defendants discrimination all Plaintiffs have been denied promotional opportunity. And caused to suffer economic losses, as well as emotional pain and suffering

33. As a direct and proximate result of the Defendants racial discrimination Plaintiffs MARTINEZ, TOUSSAINT, and RANCY were terminated from employment and caused to suffer additional economic losses and emotional pain and suffering

WHEREFORE, Plaintiffs MARTINEZ, TOUSSAINT, RANCY and TAVERNIER request the following relief:

a. Entry of judgment for damages, including punitive damages, against the Defendant for plaintiffs' pain and suffering;

b. Declare that the Defendant engaged in unlawful and discriminatory practices because of race,

c. Award of back pay and front pay and/or reinstatement,

d. Award costs, interest and attorneys' fees; and

d. Such other and further relief as may be deemed just and proper.

COUNT II

Retaliation

34. Plaintiff CUMMINGS realleges ¶¶ 1-29

35. As a direct and proximate result of CUMMINGS refusal to comply with the unlawful and discriminatory practices, polices, directions and orders of PINTER and WOODYS.

36. As such he has been caused significant economic injury as well as emotional pain and suffering.

WHEREFORE, Plaintiff CUMMINGS request the following relief:

a. Entry of judgment for damages, including punitive damages, against the Defendant for plaintiffs' pain and suffering;

b. Declare that the Defendant engaged in unlawful and discriminatory practices because of race,

c. Award of back pay and front pay and/or reinstatement,

d. Award costs, interest and attorneys' fees; and

d. Such other and further relief as may be deemed just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demands trial by jury as to all issues so triable as a matter of right.

CORNELL & ASSOCIATES, P.A

Attorneys for the Plaintiff
2645 EXECUTIVE PARK DR
Weston, FL 33331
Telephone: (954)618-1041
Facsimile: (954) 944-1969

BY:  /s/ G. Ware Cornell, Jr.
G. WARE CORNELL, JR.
Florida Bar No. 203920
ware@warecornell.com